# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

```
KALAIAH JEFFERSON,

     Plaintiff,

     v.                                    CV 5:23-076

TRANSUNION, LLC and EQUIFAX
INFORMATION SERVICES LLC,

     Defendants.
```

### ORDER

Before the Court is a motion to dismiss filed by Defendants Equifax Information Services LLC[1] and Trans Union LLC. Dkt. No. 10. Plaintiff Kalaiah Jefferson has responded in opposition, dkt. no. 11, and the motion is ripe for review.

### BACKGROUND[2]

Plaintiff initiated this action on August 14, 2023. Dkt. No. 1. Therein, she asserts a single claim for violation of the Fair Credit Reporting Act ("FCRA"). Id. at 4.

---

[1] Plaintiff incorrectly names Defendant Equifax Information Services LLC as Equifax Information Solutions, LLC. The Clerk is **DIRECTED** to correct Equifax's name on the docket.

[2] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

In her complaint, Plaintiff asserts "Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties[.]" Id. ¶ 7. "The inaccurate information consists of accounts and or/tradelines that do not belong to Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information." Id. ¶ 8. Plaintiff states "[t]he inaccurate information negatively reflects upon [her], [her] credit repayment history, [her] financial responsibility as a debtor and [her] credit worthiness." Id. Plaintiff alleges she "has applied for and has been denied loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials." Id. ¶ 10. Plaintiff alleges her "attempts to make the Defendant correct its wrongs . . . were never addressed by a legitimate representative." Id. ¶ 12. Attached to Plaintiff's complaint are consumer credit reports as well as correspondence with Defendants. See Dkt. Nos. 1-1 through 1-6.

Plaintiff alleges that, as a result of Defendants' conduct, she has suffered actual damages in the form of lost credit opportunities, harm to her credit reputation and credit score, and

emotional distress. Id. ¶ 13. Plaintiff seeks actual, statutory and punitive damages, "[a]n order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information," and "[a]n order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information." Id. at 5.

Defendants TransUnion and Equifax now collectively moved to dismiss Plaintiff's complaint for failure to state a claim for which relief can be granted. Dkt. No. 10 at 2. Alternatively, Defendants request that Plaintiff be required to amend her complaint to comport with federal pleading standards. Id. Plaintiff opposes the motion, arguing that she has sufficiently alleged the necessary elements to state a claim against Defendants under the FCRA.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all

3

reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

### I. Plaintiff's FCRA Claim

The FCRA "governs the use and dissemination of consumer credit information," Meeks v. Murphy Auto Grp., Inc., No. 8:09-cv-1050-T-TBM, 2010 WL 5174525, at *7 (M.D. Fla. Dec. 15, 2010), aff'd, 441 F. App'x 683 (11th Cir. 2011), and it "endeavors to 'ensure fair and accurate credit reporting,'" Harris v. Mexican Specialty

4

Foods, Inc., 564 F.3d 1301, 1306 (11th Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007)). To this end, § 1681e(b) of the FCRA provides that "[w]henever a consumer reporting agency [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" 15 U.S.C. § 1681e(b). "In a related provision, [§] 1681i(a) provides that when a consumer disputes the accuracy of information contained in a consumer file, the [CRA] 'shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file[.]'" Alexander v. Certegy Check Servs., Inc., No. 8:16-CV-859-17, 2016 WL 7478961, at *2 (M.D. Fla. Dec. 29, 2016) (quoting 15 U.S.C. § 1681i(a)(1)(A)).

"Section 1681e(b) requires [Plaintiff] to plead that (1) [Defendants] published an inaccurate consumer report to a third party; (2) [Defendants] failed to follow reasonable procedures to ensure maximum possible accuracy of [their] reports; and (3) [Defendants'] failure to follow reasonable procedures caused actual damages to [Plaintiff]." Meeks v. Equifax Info. Servs., LLC, No. 1:18-CV-03666, 2019 WL 1856411, at *4 (N.D. Ga. Mar. 4, 2019), adopted by 2019 WL 1856412, at *1 (N.D. Ga. Apr. 23, 2019)

5

(citing Ray v. Equifax Info. Servs., LLC, 327 F. App'x 819, 826 (11th Cir. 2009) (per curiam)).

Further, to state a claim for a violation of § 1681i(a), Plaintiff must allege that:

> (1) [her] credit report contains inaccurate or incomplete information; (2) [she] notified [Defendants] of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) [Defendants] failed to respond or conduct a reasonable reinvestigation of the disputed items; [and] (5) the failure to reinvestigate caused [Plaintiff] to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress.

Lazarre v. JPMorgan Chase Bank, N.A., 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011) (citation and internal quotation marks omitted).

Thus, "[t]o establish a violation of either section, [Plaintiff] must make a threshold showing that [Defendants] reported or maintained inaccurate information." Alexander v. Certegy Check Servs., Inc., No. 8:16-CV-859-17, 2016 WL 5843176, at *3 (M.D. Fla. Oct. 4, 2016) (citations omitted); see also Perry v. Toyota Motor Credit Corp., No. 1:18cv00034, 2019 WL 332813, at *4 (W.D. Va. Jan. 25, 2019) ("As under § 1681e(b), a consumer alleging a violation of § 1681i must first show that his credit file contains inaccurate or incomplete information." (citations and internal quotation marks omitted)); Sherfield v. Trans Union, LLC, No. CIV-19-001, 2019 WL 3241176, at *2 (W.D. Okla. July 18, 2019) ("To prevail on a § 1681i(a) claim, plaintiffs must prove essentially the same elements as those for a § 1681e(b) claim—

6

unreasonable procedures in reinvestigating a report, inaccuracy of the report, injury, and causation—in addition to proving they informed the CRA about the inaccuracy" and "[t]hus, the existence of a factual inaccuracy is an essential element of both claims" (alteration, citations and internal marks omitted)). That is, "[w]ithout evidence of some inaccuracy in [Defendants'] report or reinvestigation, [Plaintiff] cannot establish that [Defendants] violated the FCRA—either § 1681e(b) or § 1681i(a)(1)(A)." Sherfield, 2019 WL 3241176, at *2 (emphasis, citation, and internal quotation marks omitted).

Here, Plaintiff "has not clearly identified [any] of the incorrect information in h[er] consumer credit report, and [she] does not clearly link [any] erroneous information in [her] consumer credit report to any damages." Bailey v. SCANA Energy Mktg., Inc., No. 1:18-cv-1725, 2018 WL 7575542, at *8 (N.D. Ga. Dec. 20, 2018), adopted by 2019 WL 1178429, at *1 (N.D. Ga. Jan. 14, 2019). Indeed, while Plaintiff alleges in a conclusory fashion that she contacted Defendants about inaccuracies in her credit report, see Dkt. No. 1 ¶ 12, she "does not describe [the purported inaccuracy] with any particularity in [her] complaint," Bailey, 2018 WL 7575542, at *8. That is, "none of [Plaintiff's] assertions are enhanced factually with specific dates of occurrence or descriptions of what [she] found inaccurate about [her] report," "how or when [any alleged inaccuracy] affected [her] alleged credit denials," or "the

7

specific disputes [she] made and [Defendants' reinvestigation and results.]" Bailey v. Experian Info. Sols., Inc., No.: 1:16-CV-789, 2016 WL 9558951, at *4-5 (N.D. Ga. Dec. 9, 2016), adopted by 2017 WL 3836115, at *1 (N.D. Ga. Jan. 9, 2017) (citation omitted); see also Henry v. Flagstar Bank, FSB, No. 16-CV-1504, 2019 WL 1471267, at *2 (E.D.N.Y. Mar. 31, 2019) (finding plaintiffs' FCRA claims that defendant "knowingly, intentionally, maliciously, and fraudulently reported false, negative information on [their] credit reports" merely a "formulaic recitation of the elements of a cause of action" that was insufficient to state a claim since they failed to allege "what information [defendant] allegedly reported, to whom, why it was allegedly false, or any other information that could support such a claim" (citations and internal marks omitted)). In short, Plaintiff "has failed to provide factual support for [her] allegation that [Defendants] inaccurately reported [her] credit," Clark v. Trans Union, LLC, No. 1:18-CV-05259, 2019 WL 3505446, at *4 (N.D. Ga. June 5, 2019), and her "subjective belief that [her] credit report was inaccurate is insufficient," Meeks, 2019 WL 1856411, at *7 (citations omitted); see also Thompson v. Trans Union, LLC, No. 1:18-CV-05804, 2019 WL 4804111, at *6 (N.D. Ga. Sept. 3, 2019). Thus, because Plaintiff has failed to allege with any specificity an inaccuracy within the meaning of the FCRA, her claims under either

8

§ 1681e(b) or § 1681i(a)(1) are insufficient to show she is entitled to relief.

**II. Opportunity to Amend**

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).

Accordingly, Plaintiff is **ORDERED** to file a more definite statement of her claims within **twenty (20) days** of the date of this Order. Her failure to do so will result in dismissal of this action. Further, Plaintiff is warned that her failure to clearly assert sufficient facts to state a claim for relief in a coherent manner will result in dismissal of this case.

**CONCLUSION**

Defendants' motion, dkt. no. 10, is **DENIED** at this time as to their request to dismiss Plaintiff's complaint, but the motion is **GRANTED** as to Defendants' request for a more definite statement. Plaintiff is **ORDERED** to file an amended complaint, as directed above, within **twenty (20) days** of the date of this Order.

**SO ORDERED**, this 18 day of October, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA